RAYMOND VETICK, APPELLANT, V. THOMAS KULA, APPELLEE.
247 N. W. 2d 637

Filed December 15, 1976. No. 40706.

Philip T. Morgan of Morgan & Morgan, for appellant.

Steven M. Curry of Sampson & Armatys, for appellee.

Heard before WHITE, C. J., McCOWN, and CLINTON, JJ., and STUART and RIST, District Judges.

CLINTON, J.

This is a boundary line dispute between plaintiff-appellant Vetick, the owner of the northwest quarter of Section 6, Township 15 North, Range 4 West of the 6th P. M., Merrick County, and defendant-appellee Kula, the owner of the adjoining northeast quarter.

The evidence undisputedly establishes that a fence had been the acknowledged boundary line between the adjoining properties for at least 56 years. Kula farmed the disputed tract for over 20 years, during which time he had grown crops, leveled the land, and put in an irrigation pump.

A survey taken in the fall of 1975 established that the fence was not the actual boundary, the actual boundary lying east of the fence. It established that a tract of land of approximately 5.09 acres, which both parties thought belonged to Kula, was within the tract to which Vetick held record title. Vetick brought an action of ejectment to recover this tract and for a mandatory injunction requiring removal of the fence. Kula denied generally and pled a claim of title by adverse possession. The trial court entered judgment for Kula. We affirm.

The case of McCain v. Cook, 184 Neb. 147, 165 N. W. 2d 734, is controlling. "It is the established law of this state that, when a fence is constructed as a boundary line between two properties, and parties claim ownership of land up to the fence for the full statutory period and are not interrupted in their possession or control during that time, they will, by adverse possession, gain title to such land as may have been improperly enclosed with their own." The above evidence fully establishes Kula's title under McCain rationale.

AFFIRMED.